IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN, et al.,<br>Defendants. | CV-23-19-H-SEH<br><br>ORDER |

## INTRODUCTION

On May 17, 2023, Plaintiff Benjamin Karl Smith ("Smith") filed an amended complaint alleging several constitutional violations against numerous defendants associated with his incarceration at Montana State Prison ("MSP").[1]

## SCREENING

The Court has reviewed Smith's complaint under 28 U.S.C. §§ 1915 and 1915A, which require the Court to dismiss a complaint if (1) frivolous or malicious, (2) failed to state a claim upon which relief may be granted, or (3) sought monetary relief from a defendant who is immune from such relief.

---

[1] Doc. 11.

Fed. R. Civ. P. 8 provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,"[2] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3]

A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] *Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[5]

## ANALYSIS

To properly plead a claim under 42 U.S.C. § 1983, a plaintiff must satisfy the following elements "(1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused (3) by conduct of a 'person'; (4) acting under color of state law."[6] More simply stated, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or federal statutes."[7]

---

[2] Fed. R. Civ. P. 8(a)(2).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[4] *Id.*
[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[6] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[7] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

I.  **DEFENDANTS**

A plaintiff must present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each such individual defendant on notice of the claim against him.[8] The allegations must link the actions or omissions of each named defendant to a violation of plaintiff's rights.[9]

Smith alleges constitutional violations by twenty-two defendants: (1) Brian Gootkin; (2) Jim Salmonsen; (3) Greg Budd; (4) Unit Manager Franks; (5) Nancy Sharky; (6) FNU Fode; (7) Sgt. Mullens; (8) Sgt. Pasha; (9) Sgt. Sharky; (10) Sgt. Salle; (11) Sgt. Jones; (12) Sgt. Hart; (13) Sgt. Artisan; (14) Sgt. Gillery; (15) Correctional Officer Heron; (16) Security Response Team Tate; (17) Security Response Team Moes; (18) Mailroom Supervisor John Doe; (19) Inmate Accounting John Doe; (20) Sgt. Adams; (21) Correctional Officer Paull; and (22) Case Manager Harris.[10] The alleged events occurred at MSP between January 23, 2023, and May 5, 2023.[11]

*A. Supervisors*

A defendant is liable under Section 1983 "only upon showing of personal participation by the defendant."[12] "A supervisor is only liable for the constitutional

---

[8] *Iqbal*, 556 U.S. at 678–79 (2009); *Moss v. U.S. Secr. Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).
[9] *Id.* 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
[10] Doc. 11 at 2–5.
[11] Doc. 11 at 7.
[12] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act or prevent them."[13] Smith failed to allege any wrongdoing by Brian Gootkin, Jim Salmonsen, Unit Manager Franks, or Gregg Budd. He also failed to allege that any participated in, directed, or even knew about Smith's alleged treatment. Brian Gootkin, Jim Salmonsen, Unit Manager Franks, and Gregg Budd are dismissed.

## B.   *Correctional Staff*

Smith seeks to add eleven additional defendants to his complaint.[14] However, no facts are pleaded that state a claim that any of the eleven additional defendants violated Smith's rights. Instead, Smith simply lists their names as defendants.[15]

Smith must present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each such individual defendant on notice of the claim against him.[16] Nancy Sharky, Sgt. Mullens, Sgt. Sharky, Sgt. Salle, Sgt. Jones, Correctional Officer Heron, Security Response Team Tate, Security Response Team Moes, Mailroom Supervisor John Doe, Inmate Accounting John Doe, Correctional Officer Paull are dismissed.

---

[13] *Id.*
[14] Doc. 11 at 4–5.
[15] Doc. 11 at 4–5.
[16] *Iqbal*, 556 U.S. at 678–79 (2009); *Moss*, 572 F.3d at 969.

4

## II. OFFENSES

### A. *Verbal Harassment*

Prison conditions are subject to Eighth Amendment scrutiny,[17] and may, consistent with the Constitution, be restrictive and harsh.[18] Prison officials nevertheless must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."[19]

Whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, requires the court to analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.[20] "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise."[21] Prisoners must establish prison officials' "deliberate indifference" to unconstitutional

---

[17] *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *Farmer v. Brennan*, 511 U.S. 825 (1994) (to state an Eighth Amendment claim a prisoner must show the denial of "the minimum civilized measure of life's necessities.") (citation and internal quotation marks omitted)).
[18] *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[19] *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *see Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).
[20] *See Id.*
[21] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010); *Toussaint*, 801 F.2d at 1107.

5

conditions of confinement to meet the subjective prong of an Eighth Amendment claim.[22]

Smith alleges defendants Sgts. Pasha, Gillery, Artisan, Hart, Fode, and Adams, and Case Manager Harris verbally threatened him while at MSP.[23] "[V]erbal harassment generally does not violate the Eighth Amendment."[24] Harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment Claim.[25]

"A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts.[26] Verbal harassment intended to humiliate or endanger the inmate, however, may do so.[27]

Smith alleges that some of the verbal harassment by correctional officers relate to his religion's meal plan and other issues.[28] He also alleges that some harassment were racially motivated.[29] Verbal harassment does not violate the

---

[22] *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.
[23] Doc. 11-1 at 4, 5, 6, 7, 10, 12, 13, 14, 15, 18, 20, 21, 22, 24.
[24] *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).
[25] *Id.* (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)), *amended by* 135 F.3d 1318 (9th Cir. 1998).
[26] *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); *see also Corales v. Bennett*, 567 F.3d 554, 564–65 (9th Cir. 2009).
[27] *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997); *Keenan*, 83 F.3d at 1092; *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989).
[28] Doc. 11-1 at 4, 5, 6, 7, 10, 12, 13, 14, 15, 18, 20, 21, 22, 24.
[29] Doc. 11-1 at 4–7.

Eighth Amendment unless Smith can demonstrate that it was "calculated to . . . cause [him] psychological damage."[30]

However, Smith failed to present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each such individual defendant on notice of the claim against him in his amended complaint.[31] It is not enough that he only attached prison grievance forms to support his allegations.[32] The verbal harassment claims are dismissed.

### B.    *Free Exercise Clause*

The right to exercise one's religious practices and beliefs "is necessarily limited by the fact of incarceration and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."[33] "A prisoner asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion."[34]

Smith alleges that "MSP Staff" infringed upon his right to freely exercise his religion by tampering with his halal meals and by delaying his halal meals.[35] He also asserts that Correctional Officer Gillery and Sgt. Artisan tampered with his

---

[30] *Keenan*, 83 F.3d at 1092 (citing *Oltarzewski*, 830 F.2d at 139, *amended by* 135 F.3d 1318 (9th Cir. 1998).
[31] *Iqbal*, 556 U.S. at 678–79 (2009); *Moss*, 572 F.3d at 969.
[32] Doc. 11-1 at 4, 5, 6, 7, 10, 12, 13, 14, 15, 18, 20, 21, 22, 24.
[33] *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citations omitted).
[34] *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).
[35] Doc. 11-1 at 20, 25, 26.

meals.[36] Again, like his verbal harassment claim, Smith failed to present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each such individual defendant on notice of the claim against him in his amended complaint.[37] He only attached prison grievance forms to support his allegations.[38] The religious exercise claims are dismissed.

## CONCLUSION

Merely attaching prison grievance forms will not suffice.[39] Likewise, simply asserting a defendant violated a constitutional right without any factual allegations to support will not suffice.[40] Smith failed to follow the Court's instructions in properly pleading his claim.[41]

Smith was afforded an opportunity to file an amended complaint.[42] He did so.[43] The amended complaint, for the reasons stated above, does not satisfy minimal pleading requirements. The case will be dismissed.

**ORDERED:**

1.    Plaintiff's case is **DISMISSED** for failure to state a federal claim.

2.    The Clerk of Court is directed to enter judgment under Fed. R. Civ. P.

---

[36] Doc. 11-1 at 17, 19.
[37] *Iqbal*, 556 U.S. at 678–79 (2009); *Moss*, 572 F.3d at 969.
[38] Doc. 11-1 at 4, 5, 6, 7, 10, 12, 13, 14, 15, 18, 20, 21, 22, 24.
[39] *See* Doc. 11-1.
[40] *See* Doc. 11 at 3, 6–7.
[41] Doc. 10 at 12.
[42] Docs. 9, 10.
[43] Doc. 11.

58.

3. The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith. Filing of this action counts as one strike against Smith under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 23rd day of August, 2023.

Sam E. Haddon
United States District Court